UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>        Plaintiff,<br><br>  v.<br><br>ELIZABETH F. FREGUSON<br>REVOCABLE LIVING TRUST, et al.,<br><br>        Defendants. | No. 2:17-cv-2693-TLN-GGH PS<br><br><br>FINDINGS AND RECOMMENDATION |

Plaintiff has requested in forma pauperis ["IFP"] status in order to pursue this matter by way of an Application for that status signed under penalty of perjury. ECF No. 2. Title 28 U.S.C. section 1915, the statute authorizing proceeding in federal court without the payment of filing fees, provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted…." (emphasis added) Id. at subsection (e) (2).

      Review of the facts asserted in the Application supports a conclusion that plaintiff lacks the funds to pay the filing fees and costs in this matter. Therefore, his Motion would normally be granted. In this case, however it is clear that there are assertions in this Application that are untrue that prevent the court from so doing. This alone requires a dismissal of the complaint. In addition, further analysis of the validity of the complaint requires dismissal as well.

1

*DISCUSSION*

*A. FALSE REPRESENTATION*

In plaintiff's Application to proceed with this case *in forma pauperis*, plaintiff was asked, in question 5, to identify, *inter alia*, "any . . . real estate" he owns "including any item of value held in someone else's name" and to describe the properties. ECF No. 2 at 2. His response identified vehicles but no real property. In his Complaint, however he makes the following statements of fact:

1. "Plaintiff Peter T. Harrell . . . owns the property commonly known as 406 Henley-Hornbrook Road." ECF 1 at ¶ 4.

2. Further, his claims revolve around his claim of ownership rights in additional property located at 404 Henley-Hornbrook Rd. Id. at ¶ 5.

3. He purports to use the property at 404 Henley-Hornbrook Rd. " "for the purposes of dog walking storage, recreation activities, harvesting of grasses, grazing of livestock, and the cultivation of fruits and vegetables," id. at ¶ 7," thereby gaining and currently holding ownership by way of prescriptive easement and seeks to quiet title to the property. Id. at ¶¶ 17-23.

Obviously, the statements in the Application and those in the Complaint cannot be reconciled. For what should now be obvious reasons this should cause the court to deny plaintiff's application for IFP status. In addition, according to section 1915(e) (2), the complaint *shall* be dismissed for such a glaring untruth. The sanction for such misrepresentation is "important in the protection of the public against a false or fraudulent invocation of the [IFP] statute's benefits" and "provides other sanctions to protect against false affidavits". See Adkins E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948).

There are further reasons why section 1915 (e) (2) requires dismissal.

*B. CLAIMS*

1. *Prescriptive Easement/Quiet Title*

Plaintiff alleges that he acquired the right to the use of the subject property by "open, notorious, continuous, uninterrupted, and hostile occupation" of that property beginning in May 2011 and has never been challenged by the defendants to his occupation and use of the property.

2

ECR No. 1 at ¶ 24. Further he claims to have filed a declaration to the foregoing effect with the Siskiyou County Assessor-Recorder's office and attempted to begin making tax payments on the property. Id. at ¶ 25. Thus he professes to have perfected his claim sometime between May 1, 2016 and May 31, 2016.

The elements necessary to establish such an easement are that "[t]he party claiming such an easement must show use of the property which has been open, notorious, continuous and adverse for an uninterrupted period of five years." Warsaw v. Chicago Metallic Ceilings, Inc., 35 Cal.3d 564, 570 (1984). One who has shown the foregoing elements "acquire[] a title by prescription which is 'sufficient against all,' including the property owner. Id. at 590. The question here, however, is whether plaintiff is claiming an easement or something more extensive.

An easement is defined as "a restricted right to specific limited, definable use or activity upon another's property, which right must be *less* than the right of ownership." Mesnick v. Caton, 183 Cal.App.3d 1248, 1261 (1986). Plaintiff here, however, describes several uses not limited in space or scope, and seeks to quiet title to his use thus asserting unrestricted use consistent with a right of ownership. Moreover, plaintiff attempted, in one year, to pay the property taxes for the property at issue. "Owners" pay property taxes; "easement holders" do not. The interest asserted in the Complaint is not, therefore, an easement. Thus the court finds that plaintiff's right-to-title-claim based on easement principles should be dismissed for failure to state a claim.

Even if an amendment to the complaint could clarify that plaintiff is seeking title to the property, he would be ineligible to claim title by reason of adverse possession. He fails to meet the requirement for assertion of the underlying adverse possession claim insofar as one must actually pay property taxes for a period of five years before such a claim ripens. Cal. Code Civ. Pro. Section 325; California Maryland Funding, Inc. v. Lowe, 37 Cal.App.4th 1798, 1803 (1995). Lowe specifies the elements necessary to establish title by adverse possession to be "(1) tax payments, (2) actual possession which is (3) open and notorious, (4) continuous and uninterrupted for five years, (5) hostile and adverse to the true owner's title, and (6) either under color of title or

claim of right." 37 Cal.App.4th at 1803, *citing* West v. Evans, 29 Cal.2d 414, 417 (1946; Mesnick v. Caton, 183 Cal.App.3d 1248, 1258 (1986).

Plaintiff alleges only one attempt to pay property taxes during the year 2015. ECF No. 1, ¶¶. 8, 9. Even considering for the moment his allegation that he was thwarted by Siskiyou County in the payment of property taxes for that year, he alleges nothing about the payment of taxes in any of the preceding or succeeding years—at the very least, he would have had to have paid the property taxes in 2013, 2014, 2016, and 2017.[1]

2. *Nuisance*

Here plaintiff claims that defendants' failure to maintain the property as to which he claims prescriptive rights creates a fire hazard to his adjacent property that requires him to expend labor and funds to maintain safe conditions on the property at issue here. He does not allege any actual injury to his adjoining parcel, and apparently seeks relief in damages for his expenditure of labor and funds to abate the nuisance himself rather than equitable relief to require defendant to undertake the effort. Since the other elements of the complaint make clear that this condition has existed since at least May 2011, it is thus subject to the three year statute of limitations for permanent nuisance imposed by California Code of Civil Procedure 338(b). If, on the other hand plaintiff is pleading a continuing nuisance he would be entitled to bring an action upon each occurrence of harm. Mangini v. Aeroojet-Geneal Corp., 40 Cal.App.4th 303, 308-309 (1994).

In light of the foregoing the court would normally dismiss this claim subject to a right to amend to clarify the type of nuisance he asserts. But given the burden of the false representation by plaintiff, this claim could and the court will recommend, that it be dismissed with prejudice as a sanction pursuant to 28 U.S.C. section 1915 (e) (2).

3. *Negligent Infliction of Emotional Distress*

Plaintiff adverts to inspections by CAL Fire that over time have resulted in threats of citations against him for the condition of the land thereby creating a continuing anxiety of potential criminal prosecution along with fear of destruction of his adjacent property for which he

---

[1] Plaintiff cannot allege with plausibility that he somehow knew in 2013 or 2014 that his attempt to pay taxes in late 2015 would be rebuffed and therefore he is excused for payment in all years.

seeks damages.  Since plaintiff was not the record title holder of the allegedly unkempt property during these inspection events, (he only seeks to become so by virtue of this litigation), this claim makes no sense.  Under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) plaintiff's claim is not plausible.  Property holders on one parcel are not liable for the conditions of another landowner's contiguous parcel.  Under the same logic as discussed in connection with the nuisance claim, this court will recommend that this claim be dismissed with prejudice as a sanction as well.

        3.     *<u>Civil Rights Allegations</u>*

In the caption to his complaint plaintiff identifies a claim for civil rights violations.

In a section of the Complaint titled "General Allegations as to Civil Right Violations plaintiff purports to depict a conspiracy between the defendants and the Siskiyou County Treasurer/Tax Collector's Office to prevent plaintiff from paying taxes on the contested property without affording him an opportunity to be heard on the issue which resulted in his inability to perfect a right to adverse possession of the property which thereby denied him due process and violated his right to protection equal to that of other citizens who are permitted to make adverse possession tax payments.  ECF No. 1 at ¶¶12, 13.  He fails, however, to specifically state a specific claim under these facts.

In order to hold private individuals liable for civil rights violations the plaintiff must show that the private parties conspired with a state actor to deprive the plaintiff of a constitutional right.  Plaintiff does not identify any specific state actor in his factual statement, but rather identifies the Siskiyou County Treasurer/Tax Collector's Office – which is not a party to this action – as a co-conspirator with defendant.  But as the Supreme Court has held, in order to pursue such a claim the plaintiff must allege that the "[p]rivate persons jointly engaged with *state officials*" in a joint action to deprive him of his federal Constitutional rights "under color of law."  Dennis v. Sparks, 449 U.S. 24, 27- 28 (1980).  Having named no state official as a co-conspirator, and failing to bring a state actor into the action, plaintiff fails to state a claim under the federal civil rights act, 42 U.S.C. section 1983.  Moreover, the complaint is devoid of any facts as to how *defendants* conspired with state officials—nothing is concisely stated about the how, when, what of the alleged conspiracy.  Merely paying one's property taxes, assuming defendants did so, without

more, does not a conspiracy make.

Furthermore, plaintiff's simple conclusion about the intent of the Tax Collector's Office, without facts, i.e., that his payment was returned as a means to deny him due process, again falls far short of the plausibility that Iqbal requires. Payments are returned for a number of reasons, including the most likely here, that the taxes had already been paid.

This court will therefore recommend that this "claim," if it is such, be dismissed.

*CONCLUSION*

Plaintiff's misrepresentation of facts in an affidavit signed under penalty of perjury in an effort to acquire in forma pauperis status taints the entirety of his Complaint and leads this court to the recommendation that the Complaint be dismissed in its entirety on the grounds that he has violated Section 1915 (e) (2). In addition, the complaint is frivolous in part and fails to state a claim in its entirety.

In light of the foregoing IT IS HEREBY RECOMMENDED that: The entire complaint be dismissed without leave to amend.

This Findings and Recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: January 16, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE