UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH F. FERGUSON REVOCABLE LIVING TRUST, et al.,<br><br>Defendants. | No. 2:17-cv-2693 TLN DB PS<br><br>ORDER |

Plaintiff Pater Harrell is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to dismiss, plaintiff's motion for a preliminary injunction, and plaintiff's motions to strike.[1] (ECF Nos. 34, 35, 40, and 50.) For the reasons stated below, plaintiff's motion to dismiss is granted, defendants are granted leave to file a second amended

---

[1] Plaintiff has also filed a request for interdistrict transfer of this action to the Redding Division. (ECF No. 33.) Therein, plaintiff asserts that plaintiff "relied on past policies and procedures of this Court to initially assign matters arising from Siskiyou County to the Redding division[.]" (Id. at 1.) Plaintiff appears to be referring to Appendix A of the Local Rules subsection (L) which provides that a civil action will "be directly assigned to the Magistrate Judge sitting in Redding" when the plaintiff is from Siskiyou County. Plaintiff here, however, is not from Siskiyou County. Moreover, as noted by defendants, Local Rule 120(f) requires that plaintiff's request be brought in the form of a properly noticed motion.

1

answer and counterclaim, and plaintiff's motions to strike and motion for preliminary injunction are denied.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on December 26, 2017, by filing a complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint alleges that defendants Darlene Little, Elizabeth E. Ferguson, and the Elizabeth E. Ferguson Revocable Living Trust, ("the Trust"), abandoned the property at 404 Henley Hornbrook Road, Hornbrook, CA, ("subject property"), "since at least August 1, 2006[.]" (Compl. (ECF No. 1) at 2.[2]) Plaintiff "has openly, continuously, notoriously, uninterruptedly, and in a manner hostile to the holders of title thereto," occupied the subject property "since at least May of 2011[.]" (Id.) "In late 2015," plaintiff filed a declaration of adverse position and "paid the taxes for that property on November 19, 2015." (Id. at 3.) Defendants then "aided the Siskiyou County Treasure/Tax Collector's office to wrongfully cancel Plaintiff's tax payment o the subject property." (Id.) Based on these allegations the complaint asserts state law claims for prescriptive easement, nuisance, negligence, and the negligent infliction of emotional distress. (Id. at 6-7.)

On September 4, 2018, the previously assigned Magistrate Judge granted plaintiff's motion to proceed in forma pauperis and ordered service on the defendants.[3] (ECF No. 5.) Defendants filed an answer and counterclaim on December 3, 2018. (ECF No. 9.) On February 4, 2019, defendants filed an amended answer and counterclaim. (ECF No. 24.)

On March 13, 2019, plaintiff filed a motion to dismiss the counterclaim pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (ECF No. 34.) Plaintiff also filed a motion to strike the affirmative allegations and defenses in the amended answer. (ECF No. 35.) On April 12, 2019, plaintiff filed a motion for a preliminary injunction. (ECF No. 40.) On May 21, 2019, defendants filed oppositions to plaintiff's motion to dismiss and motion to strike. (ECF

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] This matter was reassigned from the previously assigned Magistrate Judge to the undersigned on December 14, 2018. (ECF No. 13.)

2

Nos. 42 & 44.) On May 30, 2019, plaintiff filed a motion to strike portions of a declaration offered in support of defendant's opposition. (ECF No. 50.) That same day plaintiff filed a reply to defendants' opposition to plaintiff's motion for preliminary injunction. (ECF No. 51.)

On June 3, 2019, plaintiff's motion to dismiss, motions to strike, and motion for preliminary injunction were taken under submission. (ECF No. 53.) On June 3, 2019, plaintiff filed replies to defendants' oppositions. (ECF Nos. 54 & 55.) On June 4, 2019, defendants filed an objection to evidence submitted in connection with plaintiff's reply to the motion for preliminary injunction. (ECF No. 56.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

"A motion to dismiss a counterclaim brought under Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." Oracle America, Inc. v. CedarCrestone, Inc., 938 F.Supp.2d 895, 900 (N.D. Cal. 2013). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## II. Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation."  LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992).  Impertinent allegations are those that are not responsive

4

or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[4]

## ANALYSIS

**I. Plaintiff's Motion to Dismiss**

Defendants' amended answer and counterclaim asserts the following three counterclaims: (1) trespass; (2) quiet title; and (3) declaratory relief. (Defs.' Am. CC (ECF No. 24) at 14-15.)

**A. Trespass**

"'Trespass to property is the unlawful interference with its possession.'" Tesoro Refining and Marketing Company LLC v. City of Long Beach, 334 F.Supp.3d 1031, 1049 (C.D. Cal. 2017) (quoting Elton v. Anheuser-Busch Beverage Grp., Inc., 50 Cal. App. 4th 1301, 1306, (1996)). "'The essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another.'" Team Enterprises, LLC v. Western Inv. Real Estate Trust, 721 F.Supp.2d 898, 910 (E.D. Cal. 2010) (quoting Cassinos v. Union Oil Co., 14 Cal.App.4th 1770, 1778 (1993)).

Here, defendants' counterclaim alleges that plaintiff, "without the consent and knowledge of [defendants] entered upon the Subject Property" and placed "a water container" there on. (Defs.' Am. CC (ECF No. 24) at 14.) However, as noted by plaintiff's motion to dismiss, no factual allegations are asserted to support this claim aside from a reference to "those acts alleged in Plaintiff's complaint in paragraph 7."[5] (Id.) For example, the counterclaim does not allege

---

[4] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

[5] Defendants' amended answer, however, denies "each and every allegation in" paragraph 7. (Defs.' Am. CC (ECF No. 24) at 2.)

5

when plaintiff placed, or defendants learned that plaintiff placed, a water container on the subject property, or what damages defendants suffered as a result of plaintiff's actions. See Bouyer v. GMAC Mortg., Civ. S-08-3022 GEB GGH PS, 2009 WL 2877603, at *5 (E.D. Cal. Sept. 3, 2009) ("California law requires that in order to state a claim for trespass a plaintiff must allege that: plaintiff was in lawful possession of the real property; defendant engaged in a wrongful physical invasion or intrusion on the property; and damages were proximately caused to plaintiff by defendant's intrusion on the property.").

Accordingly, plaintiff's motion to dismiss will be granted as to defendants' counterclaim for trespass.

**B.     Quiet Title**

California Code of Civil Procedure § 761.020 requires that a quiet title claim assert:

> 1. A legal description and street address of the subject real property;
>
> 2. The title of plaintiff as to which determination is sought and the basis of the title;
>
> 3. The adverse claims to the title of the plaintiff against which a determination is sought;
>
> 4. The date as of which the determination is sought; and
>
> 5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Khan v. CitiMortgage, Inc., 975 F.Supp.2d 1127, 1148 (E.D. Cal. 2013) (quoting Cal. Code. Civ. P. § 761.020)); see also Briosos v. Wells Fargo Bank, 737 F.Supp.2d 1018, 1031 (N.D. Cal. 2010) (same).

Here, defendants' quiet title counterclaim does not allege a date as of which the determination is sought. (Defs.' Am. CC. (ECF No. 24) at 14.) Plaintiff's motion to dismiss, therefore, will be granted as to this claim. See Boles v. Merscorp, Inc., No. CV 08-1989 PSG (Ex), 2008 WL 3971557, at *2 (C.D. Cal. Aug. 26, 2008) ("Plaintiff has not alleged the date as of which the determination is sought. Consequently, Plaintiff has failed to state a claim to quiet title for which relief can be granted.").

////

### C. Declaratory Relief

When sitting in diversity, "federal courts have applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act[.]"[6] <u>Fenton v. Wells Fargo Home Mortgage</u>, Case No. 17-cv-0113 DMS (WVG), 2017 WL 1346672, at *4 (S.D. Cal. Apr. 12, 2017). "To assert a cause of action for declaratory relief, Code of Civil Procedure section 1060 requires that there be an 'actual controversy relating to the legal rights and duties of the respective parties,' not an abstract or academic dispute." <u>Centex Homes v. St. Paul Fire & Marine Ins. Co.</u>, 237 Cal. App. 4th 23, 29 (2015) (quoting <u>Connerly v. Schwarzenegger</u>, 146 Cal. App. 4th 739, 746(2007)).

"A declaratory relief cause of action cannot survive a motion to dismiss when the substantive claims on which it is based are dismissed." <u>Bates v. Suntrust Mortg., Inc.</u>, No. 2:13-cv-1402 TLN DAD, 2013 WL 6491528, at *2 (E.D. Cal. Dec. 10, 2013). Because the undersigned has granted plaintiff's motion to dismiss as to all other counterclaims, "the declaratory relief claim, which is based on the same factual and legal theories, must also be dismissed." <u>Fenton v. Wells Fargo Home Mortgage</u>, Case No. 17-cv-0113 DMS (WVG), 2017 WL 1346672, at *5 (S.D. Cal. Apr. 12, 2017).

### II. Leave to Amend

For the reasons stated above, the undersigned will grant plaintiff's motion to dismiss defendants' amended counterclaim. Defendants have requested that "to the extent that the Court does perceive any deficiencies with any of the Counter-claims, Counter-Claimants should be provided leave to amend to correct them." (Defs.' Opp.'n (ECF No. 42) at 7.) "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see</u> <u>also</u>

---

[6] Plaintiff's motion acknowledges that in "federal court diversity actions, the federal courts apply state law" in certain instances. (Pl.'s MTD (ECF No. 34) at 7.) Plaintiff's complaint, however, contains vague references to "42 U.S.C. § 1983" and "rights secured to Plaintiff by the Constitution of the United States" despite asserting only state law causes of action. (Compl. (ECF No. 1) at 1, 6-7.) If plaintiff believes the complaint asserts a cause of action arising under federal law, plaintiff shall file a supplemental brief addressing such within fourteen days of the date of this order.

7

Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, the undersigned finds no undue delay, bad faith, or prejudice. Moreover, granting defendants leave to amend would not be futile. Accordingly, the undersigned will grant defendants' request for leave to file a second amended counterclaim.

### III. Plaintiff's Motion to Strike Defendants' Affirmative Defenses

Plaintiff seeks "an Order striking each and all of the Affirmative Defenses in the First Amended Answer." (Pl.'s MTS (ECF No. 35) at 1.) However, as noted above, defendants' first amended answer and counterclaim are dismissed with leave to amend. Accordingly, plaintiff's motion to strike is denied without prejudice as having been rendered moot.

Nonetheless, the undersigned notes that plaintiff's motion to strike argues that the heighten pleading standard of "Twombly/Iqbal . . . applies to affirmative defenses." (Id. at 2.) However, in Kohler v. Flava Enterprises, Inc., the Ninth Circuit held that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 1998)). As a result, courts in this district apply the "fair notice standard . . . when evaluating motions to strike affirmative defenses." Staggs v. Doctor's Hospital of Manteca, No. 2:11-cv-0414 MCE KJN, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016); see also Butcher v. City of Marysville, 398 F.Supp.3d 715, 728 (E.D. Cal. 2019) ("following the Ninth Circuit's decision in Kohler v. Flava Enterprises, Inc., the Eastern District has consistently rejected the Rule 12(b)(6) standard when deciding Rule 12(f) motions."); L.F. by and through Brown v. City of Stockton, No. 2:17-cv-1648 KJM DB, 2018 WL 3817558, at *2 (E.D. Cal. Aug. 10, 2018) ("Consistent with its previous determination, the court declines to apply the heightened standard."); Vargas v. County of Yolo, No. 2:15-cv-2537 TLN CKD, 2018 WL 2970800, at *3 (E.D. Cal. June 11, 2018) ("the Court again denies Plaintiffs' request to apply a heightened pleading standard to Defendants' answer").

////

////

**IV.     Plaintiff's Motion For Preliminary Injunction**

"In order to obtain a preliminary injunction, a party must establish (1) 'that [it] is likely to succeed on the merits,' (2) 'that [it] is likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'that the balance of equities tips in [its] favor,' and (4) 'that an injunction is in the public interest.'" Nationwide Biweekly Administration, Inc. v. Owen, 873 F.3d 716, 730 (9th Cir. 2017) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

Here, plaintiff asserts that defendant Darlene Little went to plaintiff's property and "began ripping up marker stakes, and 'throwing around' items of Plaintiff's personal property[.]" (Pl.'s Mot. P.I. (ECF No. 40) at 2.) However, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991); see also Pyro Spectaculars North, Inc. v. Souza, 861 F.Supp.2d 1079, 1092 (E.D. Cal. 2012) ("economic injury is not considered irreparable, because monetary damages are available as an adequate remedy").

Moreover, Local Rule 231(d)(2) requires that a motion for a preliminary injunction include "a proposed order with a provision for a bond." And Local Rule 231(f) requires that in actions involving real property the motion for preliminary injunction, "shall depict by drawings, plot plans, photographs, or other appropriate means, or shall describe in detail the premises involved, including, if applicable, the length and width of the frontage on a street or alley, the width of sidewalks, and the number, size, and location of entrances." Plaintiff's motion fails to comply with either of these rules.

Plaintiff's motion also seeks an order providing that any contact between plaintiff and defendants "be only via Defendants' counsel[.]" (Pl.'s Mot. P.I. (ECF No. 40) at 3.) Although such a course of conduct seems advisable to the undersigned, the undersigned cannot recommend granting plaintiff's motion for a preliminary injunction absent the necessary showing and compliance with all applicable rules.

////

Accordingly, plaintiff's motion for a preliminary injunction will be denied without prejudice to renewal.

**V.     Plaintiff's Motion to Strike Portions of Declaration**

Plaintiff seeks to strike portions of a declaration submitted by defendant Darlene Little in support of defendants' opposition to plaintiff's motion for preliminary injunction. (Pl.'s MTS Decl. (ECF No. 50) at 2.) Plaintiff raises various evidentiary objections to portions of the declaration and asserts that "evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of the trial." (Id. at 1.)

Plaintiff's assertion, however, is incorrect. For example, when evaluating a motion for summary judgment, "[o]bjections to evidence on the ground that the evidence is irrelevant, speculative, argumentative, vague and ambiguous, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself." Century 21 Real Estate LLC v. All Professional Realty, Inc., 889 F.Supp.2d 1198, 1215 (E.D. Cal. 2012) (citing Burch v. Regents of the Univ. of Cal., 433 F.Supp.2d 1110, 1119-20 (E.D. Cal. 2006)). "Even if the non-moving party's evidence is presented in a form that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial." Id.

Nonetheless, as addressed above, plaintiff's motion for a preliminary injunction was denied for reasons entirely independent of defendants' opposition—specifically that plaintiff failed to make the required showing and failed to comply with the Local Rules. Accordingly, plaintiff's motion to strike will be denied as having been rendered moot.[7]

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 13, 2019 motion to dismiss the amended counterclaim (ECF No. 34) is granted and defendants' February 4, 2019 amended answer and counter claim (ECF No. 24) is dismissed with leave to amend;

---

[7] For this same reason, the undersigned need not address defendants' objection to plaintiff's reply in support of the motion for preliminary injunction.

10

2. Within twenty-one days of the date of this order defendants shall file a second amended answer and counterclaim;

3. Plaintiff's March 13, 2019 motion to strike (ECF No. 35) is denied as having been rendered moot;

4. Plaintiff's April 12, 2019 motion for preliminary injunction (ECF No. 40) is denied without prejudice to renewal; and

5. Plaintiff's May 30, 2019 motion to strike (ECF No. 50) is denied as having been rendered moot.

Dated: December 4, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/harrell2693.mtd.ord

11